**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4824

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GARY ANDREW HASSLER,

Defendant – Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg. Norman K. Moon, Senior District Judge. (6:18-cr-00010-NKM-2)

Submitted: January 29, 2021                    Decided: March 25, 2021

Before MOTZ, AGEE and KEENAN, Circuit Judges.

Affirmed by published opinion. Judge Agee wrote the opinion, in which Judge Motz and Judge Keenan joined.

Juval O. Scott, Federal Public Defender, Randy V. Cargill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Roanoke, Virginia, for Appellant. Daniel P. Bubar, Acting United States Attorney, Roanoke, Virginia, Jennifer R. Bockhorst, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

AGEE, Circuit Judge:

Gary Andrew Hassler appeals his conviction for obstruction of justice, in violation of 18 U.S.C. § 1519. For the reasons set forth below, we affirm.

I.

After a grand jury indicted Hassler, the head nurse at the Rockbridge County, Virginia Regional Jail Authority ("Rockbridge"), for obstruction of justice in violation of 18 U.S.C. § 1519,[1] the Government established the following facts at trial. On February 28, 2017, Rockbridge officers learned that inmate Matthew Kessinger had been badly beaten and potentially poisoned. The assault was so severe that the officers requested the local Sheriff's Office to investigate. Investigators discovered that another inmate, Robert Clark, also showed signs of being severely beaten.

Kessinger was taken to the hospital, but Clark was not. Clark asked to go to the hospital, but the Rockbridge Superintendent denied his request and stated that Clark could see a nurse or doctor the next day. By March 1, it had become "common knowledge" around Rockbridge that there was going to be an investigation into the assaults. J.A. 225–27.

A nurse did not examine Clark until March 3, at which time she suspected that Clark's injuries had become infected, so Clark was transported to the hospital emergency

---

[1] The grand jury indicted Hassler on another count of obstruction of justice for falsifying a medical log, but the jury acquitted him of this count, and it is not at issue in this appeal.

room. That same day, Virginia State Police dispatched several special agents to Rockbridge to investigate the assaults at the request of the Sheriff's Office.

On March 6, Derek Almarode, a member of the Rockbridge staff, read an "incident report" that Hassler had created on March 5, in which Hassler claimed to have observed Clark's injuries on March 1, but documented that Clark had refused medical treatment at that time. However, Almarode and an investigator with the Virginia State Police, who was also a sworn member of the FBI's violent crime unit, noticed several inconsistencies in Hassler's incident report.

A Virginia State Police investigator and an FBI agent subsequently interviewed Hassler. They confronted him about the incident report's inconsistencies, and Hassler admitted that "[he] wrote this report to cover [his] butt" because Clark's injuries should have been reported, but they had not been. J.A. 247–48. However, Hassler denied knowing that there was an investigation because he was not working on March 3, when Virginia State Police officers arrived at Rockbridge, although he was aware that Kessinger had been taken to the Sheriff's Office to assist in the investigation.

Hassler was subsequently indicted for falsifying the incident report and thereby violating 18 U.S.C. § 1519. Before trial, the Government submitted proposed jury instructions, including the following discussing the elements of § 1519:

> For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:
>
> *First*: That the defendant knowingly falsified a document or record;

*Second*: That the defendant acted with the intent to impede or obstruct an investigation in relation to, or in contemplation of, a matter; and

*Third*: That the matter was within the jurisdiction of Federal Bureau of Investigation [sic], which is an agency of the Executive Branch of the United States Government.

There is no requirement that the matter or investigation have been pending or imminent at the time of the obstruction, but only that the acts were taken in relation to or in contemplation of any such matter or investigation.

In order to meet its burden, the government does not have to prove that the defendant specifically knew that the matter or investigation was within the jurisdiction of a department or agency of the United States. In other words, you need not find that the defendant knew he was obstructing or impeding a matter that was federal in nature.

Finally, an act is done "knowingly" if the defendant is aware of the act and does not act through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

J.A. 34–35.

Hassler objected to this instruction, arguing that, under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), he could not be convicted unless, at the time he acted, he knew or contemplated that a federal investigation—as opposed to a state or local investigation—was occurring or would occur. J.A. 40–41. Further, Hassler offered a proposed jury instruction, which read:

The crime of falsifying a document a document [sic] with the intent to impede, obstruct, and influence the investigation of a matter within the jurisdiction of the Federal Bureau of Investigation, an agency of the United States, as charged in Counts 5 and 6 of the Indictment, has three essential elements:

One: That the Federal Bureau of Investigation was engaged in an investigation of a matter within its jurisdiction;

4

Two: That Gary Hassler knowingly falsified a document; and

Three: That Mr. Hassler did so with the intent to impede, obstruct, or influence the investigation or proper administration of a matter by any department or agency of the United States.

J.A. 43.

The district court used the Government's proposed jury instruction regarding the elements of § 1519 and did not offer Hassler's proposed instruction. The jury found Hassler guilty of obstruction of justice for falsifying the incident report. The district court then sentenced Hassler to a term of imprisonment of twelve months and one day and a term of supervised release of one year. Hassler timely appealed, and this Court has jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).[2]

II.

On appeal, Hassler raises two arguments. First, he argues that the district court erred by instructing the jury that the Government was not required to prove that he intended to impede an investigation that he knew or contemplated would become a federal investigation. Second, he contests the sufficiency of the evidence to support his conviction.

---

[2] Hassler was released from custody on October 9, 2020. Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search "Find by Name" for "Gary Andrew Hassler") (last visited Mar. 4, 2021). Nonetheless, Hassler's appeal is not moot because he must still serve a one-year term of supervised release. *E.g.*, *United States v. Ketter*, 908 F.3d 61, 66 (4th Cir. 2018) ("Although the underlying prison sentence has been served, a case is not moot when an associated term of supervised release is ongoing, because on remand a district court *could* grant relief to the prevailing party in the form of a shorter period of supervised release.").

5

We address these arguments in tandem because Hassler's sufficiency argument is tied to his jury instruction claim and fails unless he prevails on that issue.

"We review a district court's decision to give a particular jury instruction for abuse of discretion, and review whether a jury instruction incorrectly stated the law de novo." *United States v. Miltier*, 882 F.3d 81, 89 (4th Cir. 2018) (internal citations omitted). "In reviewing the adequacy of jury instructions, we determine whether the instructions construed as a whole, and in light of the whole record, adequately informed the jury of the controlling legal principles without misleading or confusing the jury to the prejudice of the objecting party." *United States v. Kivanc*, 714 F.3d 782, 794 (4th Cir. 2013) (internal quotation marks omitted). "Even if a jury was erroneously instructed, however, we will not set aside a resulting verdict unless the erroneous instruction *seriously* prejudiced the challenging party's case." *Miltier*, 882 F.3d at 89 (internal quotation marks omitted).

To obtain a conviction under § 1519, the Government is required to prove beyond a reasonable doubt that:

> (1) the defendant made a false entry in a record, document, or tangible object; (2) the defendant did so knowingly; and (3) the defendant intended to impede, obstruct, or influence the investigation or proper administration of [a matter within the jurisdiction of any department or agency of the United States].

*United States v. Powell*, 680 F.3d 350, 356 (4th Cir. 2012), *superseded by regulation on other grounds as stated in United States v. Carbajal*, 717 F. App'x 234, 240 (4th Cir. 2018) (unpublished); *see* 18 U.S.C. § 1519. "[Section 1519] covers conduct intended to impede any federal investigation or proceeding, including one not even on the verge of commencement." *Yates v. United States*, 574 U.S. 528, 547 (2015).

6

Hassler contends that the district court incorrectly stated the law by instructing the jury that the Government was not required to prove that Hassler knew or contemplated that the investigation he intended to impede was within the jurisdiction of a federal agency. However, "[j]urisdictional language need not contain the same culpability requirement as other elements of the offense." *United States v. Yermian*, 468 U.S. 63, 68 (1984); *Rehaif*, 139 S. Ct. at 2196 ("Because jurisdictional elements normally have nothing to do with the wrongfulness of the defendant's conduct, such elements are not subject to the presumption in favor of scienter."). Indeed,

> [i]t is well settled that mens rea requirements typically do not extend to the jurisdictional elements of a crime—that the existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute.

*United States v. Cooper*, 482 F.3d 658, 664 (4th Cir. 2007) (internal quotation marks omitted).

Every circuit to address the issue presented in this appeal has concluded that knowledge of a federal investigation under § 1519 is a jurisdictional element and not a separate mens rea requirement that the jury must specifically find. *See United States v. Gonzalez*, 906 F.3d 784, 795 (9th Cir. 2018) ("The defendant need not know that the matter in question falls within the jurisdiction of a federal department or agency."), *cert. denied* 139 S. Ct. 1568 (2019); *United States v. McQueen*, 727 F.3d 1144, 1152 (11th Cir. 2013) ("There is nothing in the language [of § 1519] that says the defendant must also know that any possible investigation is federal in nature."); *United States v. Moyer*, 674 F.3d 192, 208 (3d Cir. 2012) (declining to require proof that defendant knew matter was within

7

jurisdiction of FBI); *United States v. Gray*, 692 F.3d 514, 519 (6th Cir. 2012) ("[Section 1519] does not require the Government to prove that he intended to obstruct a federal investigation. Rather, the plain language of the statute only requires the Government to prove that [he] intended to obstruct the investigation of *any* matter that happens to be within the federal government's jurisdiction."); *United States v. Yielding*, 657 F.3d 688, 714 (8th Cir. 2011) ("The most natural grammatical reading of the statute is that the term 'knowingly' in § 1519 modifies only the surrounding verbs: alters, destroys, mutilates, conceals, covers up, falsifies, or makes a false entry." (internal quotation marks omitted)). We see no reason to depart from this long list of support and consequently conclude that knowledge of a federal investigation under § 1519 is a jurisdictional element. The Government was not required to prove that Hassler knew or contemplated that the investigation he intended to impede was within the jurisdiction of a federal agency. Accordingly, the district court did not err in issuing the challenged jury instruction.

Hassler's sufficiency claim likewise fails because his only argument is the same unsuccessful one upon which he challenges the jury instructions: that he did not contemplate that his acts might impede an investigation under federal jurisdiction. We have reviewed the evidence in the light most favorable to the Government and conclude that sufficient evidence supports the jury's verdict.

III.

For the reasons set forth above, the judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately

8

presented in the materials before this Court and argument would not aid the decisional process.

AFFIRMED.