**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 20-4369

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY ROCK,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, Senior District Judge.  (1:19-cr-00056-IMK-MJA-1)

_____

Submitted:  April 15, 2022                                   Decided:  June 1, 2022

_____

Before NIEMEYER and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Michael B. Hissam, J. Zak Ritchie, Max C. Gottlieb, HISSAM FORMAN DONOVAN RITCHIE PLLC, Charleston, West Virginia, for Appellant.  William J. Powell, United States Attorney, Martinsburg, West Virginia, Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Timothy Rock of four counts of distributing a quantity of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court sentenced Rock to 58 months plus 7 days of imprisonment, to be run concurrently with his state court convictions. On appeal, Rock raises multiple challenges to his convictions and sentence. We affirm.

I.

Rock first argues that the district court incorrectly concluded that possession is not an element of drug distribution and that this error infected the jury instructions and the court's analysis of his Fed. R. Crim. P. 29 motion for a judgment of acquittal.

We "review whether a jury instruction incorrectly stated the law de novo." *United States v. Hassler*, 992 F.3d 243, 246 (4th Cir. 2021) (internal quotation marks omitted). "Even if a jury was erroneously instructed, however, we will not set aside a resulting verdict unless the erroneous instruction *seriously* prejudiced the challenging party's case." *Id.* (internal quotation marks omitted). "[I]n fact, the Supreme Court has held that even the instructional error of omitting an element of a statute is not necessarily infirm in the absence of serious prejudice." *United States v. McCauley*, 983 F.3d 690, 695 (4th Cir. 2020) (citing *Neder v. United States*, 527 U.S. 1, 8-9 (1999)).

"We review de novo a district court's denial of a Rule 29 motion and must affirm a conviction when substantial evidence viewed in the light most favorable to the prosecution supports the verdict." *United States v. Barringer*, 25 F.4th 239, 252 (4th Cir. 2022) (cleaned up). To decide "whether substantial evidence exists, we make all reasonable

2

inferences in favor of the government and do not weigh evidence or credibility." *Id.* (internal quotation marks omitted). A verdict is supported by substantial evidence "when a reasonable jury could find [the evidence] adequate and sufficient to establish guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

We set out the elements of possession with intent to distribute a controlled substance "as follows: (1) possession of the narcotic controlled substance, (2) knowledge of the possession, and (3) intent to distribute the narcotic controlled substance." *United States v. Randall*, 171 F.3d 195, 209 (4th Cir. 1999). And we set out the elements of drug distribution "as follows: (1) distribution of the narcotic controlled substance, (2) knowledge of the distribution, and (3) intent to distribute the narcotic controlled substance." *Id.* We concluded that "possession with intent to distribute and distribution are necessarily two different offenses" because "distribution requires an element that is not an element of possession with intent to distribute—distribution," and "possession with intent to distribute requires an element that is not necessarily an element of distribution—possession." *Id.*; *see id.* (collecting cases).

Despite the statement in *Randall* that possession is not necessarily an element of distribution, Rock argues that the statutory language and scheme supports the conclusion that possession is an element of distribution. He also argues that there is a circuit split with some courts concluding that possession is required for distribution and some courts concluding that it is not. We are not persuaded. Based on our precedent and the nearly unanimous agreement among the circuits that possession is not an element of distribution, we conclude that the district court correctly instructed the jury regarding the elements of

3

distribution and correctly denied Rock's motion for a judgment of acquittal. And, even if the Government was required to establish that Rock possessed the heroin before he distributed it, we conclude that the evidence presented at trial, in the light most favorable to the Government, established that Rock possessed the heroin.

II.

Next, Rock argues that the district court erred in attributing the missing FLIGHT 18 stamps to him as relevant conduct. The parties dispute the standard of review. We agree with the Government that our review is for clear error because Rock is challenging the court's factual finding regarding the quantity of drugs attributable to him, not its application of an incorrect legal rule or its misinterpretation of the meaning of relevant conduct. *See United States v. McVey*, 752 F.3d 606, 610 (4th Cir. 2014). "Under the clear error standard, we will only reverse if left with the definite and firm conviction that a mistake has been committed." *United States v. Doctor*, 958 F.3d 226, 234 (4th Cir. 2020) (internal quotation marks omitted).

"For sentencing purposes, the government must prove the drug quantity attributable to a particular defendant by a preponderance of the evidence." *United States v. Bell*, 667 F.3d 431, 441 (4th Cir. 2011). The Sentencing Guidelines instruct that "[t]ypes and quantities of drugs not specified in the count of conviction may be considered in determining the offense level," so long as the drugs were part of the relevant conduct. U.S. Sentencing Guidelines Manual § 2D1.1 cmt. n.5 (2018); *see United States v. Williamson*, 953 F.3d 264, 269-70 (4th Cir. 2020). Where, as here, "there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the

4

quantity of the controlled substance." USSG § 2D1.1 cmt. n.5. "[T]he court may consider, for example, . . . similar transactions in controlled substances by the defendant." *Id.* "District courts enjoy considerable leeway in crafting this estimate" and "may give weight to any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *Williamson*, 953 F.3d at 273 (internal quotation marks omitted).

Relevant conduct includes "all acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." USSG § 1B1.3(a)(2). Offenses are part of a common scheme or plan if they are "substantially connected to each other by at least one common factor, such as common victims, common accomplices, common purpose, or similar modus operandi." USSG § 1B1.3 cmt. n.5(B)(i) (emphasis omitted). And even "[o]ffenses that do not qualify as part of a common scheme or plan may nonetheless qualify as part of the same course of conduct if they are sufficiently connected or related to each other as to warrant the conclusion that they are part of a single episode, spree, or ongoing series of offenses." USSG § 1B1.3 cmt. n.5(B)(ii).

We conclude that the district court did not clearly err in attributing the missing FLIGHT 18 stamps to Rock as part of a common scheme or plan or the same course of conduct as the offenses of conviction. The strong inference from the evidence presented at trial and sentencing is that Rock distributed the missing FLIGHT 18 stamps or, at least, that the missing FLIGHT 18 stamps validly approximate the quantity of drugs Rock distributed to confidential informants.

5

III.

Finally, Rock argues that the district court abused its discretion in permitting the Government to reference his state court conviction for falsifying a SCAD voucher under Fed. R. Evid. 609(a)(1)(B). The Government responds that the district court correctly admitted the evidence of Rock's state conviction because Fed. R. Evid. 609(a)(2) required admission for impeachment purposes. Alternatively, the Government argues that any error in the admission of the evidence was harmless.

"We review a trial court's rulings on the admissibility of evidence for abuse of discretion." *United States v. Abdallah*, 911 F.3d 201, 219 (4th Cir. 2018) (internal quotation marks omitted). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) (internal quotation marks omitted). We will not overturn a conviction due to an erroneous evidentiary ruling if the error is harmless—that is, "if we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *United States v. Brizuela*, 962 F.3d 784, 798 (4th Cir. 2020) (internal quotation marks omitted). "The decisive factors to consider are the closeness of the case, the centrality of the issue affected by the error, and the steps taken to mitigate the effects of the error." *United States v. Caldwell*, 7 F.4th 191, 204 (4th Cir. 2021) (internal quotation marks omitted).

We agree with Rock that the Government has waived the argument that Rule 609(a)(2) required admission of the state court conviction because it did not raise this argument in the district court. *See United States v. Kelly*, 510 F.3d 433, 439 (4th Cir. 2007). But we conclude that, even if the court erred in admitting the state court conviction under Rule 609(a)(1)(B), the error was harmless. Rock's guilt was not only established by the testimony of the confidential informants but also by the testimony of the deputies who witnessed his mishandling of the department. While Rock's testimony was important to his defense, we conclude that the admission of the single state court conviction did not substantially sway the jury's judgment in light of the strong testimony from the Government's witnesses. And, finally, the court took steps to ensure that the jury assessed the state court conviction for credibility purposes only. *See Caldwell*, 7 F.4th at 204.

## IV.

Finding no reversible error, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*