**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-4864**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAQUAN MADRID PRIDGEN,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:18-cr-00032-BO-2)

_____

Submitted: August 30, 2022                  Decided: October 3, 2022

_____

Before RICHARDSON and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant. G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, David A. Bragdon, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daquan Madrid Pridgen appeals his convictions and life sentence following a jury trial for armed bank robbery with forcible accompaniment and aiding and abetting, in violation of 18 U.S.C. §§ 2, 2113(a), (d), (e) (Count 1); discharging a firearm during and in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(iii) (Count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a) (Count 4).  On appeal, Pridgen argues that the district court plainly erred by instructing the jury that armed bank robbery is a crime of violence; erred by denying his motions to suppress evidence seized during the searches of his getaway vehicle and phone and to suppress his statement to law enforcement; plainly erred by failing to dismiss the indictment or instruct the jury on all the elements of Count 4 in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019); erred by applying to his advisory Sentencing Guidelines range an attempted murder cross-reference, a six-level enhancement for assaulting a law enforcement officer, and a two-level reckless endangerment enhancement; and plainly erred by informing him of a different statutory maximum penalty for Count 1 prior to sentencing than it later determined applied to the offense.[1]  We affirm.

---

[1] Pridgen also argues that the district court erred in finding that 18 U.S.C. § 2113 is a crime of violence under the force clause of § 924(c) and that the maximum sentence for § 2113(e) when death does not result is life imprisonment.  However, as he acknowledges, these arguments are foreclosed by our prior decisions in *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) (holding 18 U.S.C. § 2113(a), (d) is crime of violence under § 924(c)), and *United States v. Turner*, 389 F.3d 111, 121 (4th Cir. 2004) (holding statutory penalty for forced accompaniment during bank robbery without resulting death is 10 years' to life imprisonment), respectively.

2

We generally "review a district court's decision to give a particular jury instruction for abuse of discretion, and review whether a jury instruction incorrectly stated the law de novo." *United States v. Hassler*, 992 F.3d 243, 246 (4th Cir. 2021) (internal quotation marks omitted). Because Pridgen did not object to the jury instruction at trial, however, our review is for plain error. *See United States v. Ali*, 991 F.3d 561, 572 (4th Cir.), *cert. denied*, 142 S. Ct. 486 (2021). On plain error review, Pridgen must establish "(1) that the [district] court erred, (2) that the error is clear and obvious, and (3) that the error affected his substantial rights"; if he makes this showing, we may exercise our discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). The district court did not plainly err by instructing the jury that armed bank robbery is a crime of violence under § 924(c)(3)(A). *See McNeal*, 818 F.3d at 151; *United States v. Adkins*, 937 F.2d 947, 950 n.2 (4th Cir. 1991) ("Whether an offense is a crime of violence is a question of law for the court, and not a question of fact for the jury." (internal quotation marks omitted)).

Next, Pridgen argues that the district court erred by finding that he did not have a reasonable expectation of privacy in either the getaway vehicle or his phone at the time they were searched. We review de novo a district court's legal conclusions made in denying a motion to suppress and review its factual findings for clear error, viewing the evidence in the light most favorable to the Government. *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021). "The Fourth Amendment protects the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *United States v. Small*, 944 F.3d 490, 501 (4th Cir. 2019) (cleaned up).

3

However, "[t]he law is well established that a person who voluntarily abandons property loses any reasonable expectation of privacy in the property and is consequently precluded from seeking to suppress evidence seized from the property." *United States v. Ferebee*, 957 F.3d 406, 412 (4th Cir. 2020) (internal quotation marks omitted). In determining whether a person has abandoned property, we "focus[] on objective evidence of the intent of the person who is alleged to have abandoned the place or object." *Id.* at 413 (internal quotation marks omitted). "Intent to abandon may be inferred from words spoken, acts done, and other objective facts." *Small*, 944 F.3d at 502 (cleaned up). Our review of the record leads us to conclude that the district court did not clearly err by finding that Pridgen abandoned the getaway vehicle and his cell phone, and, thus, the court did not err by finding that he lacked a reasonable expectation of privacy in those items when they were searched.

Pridgen also argues that the district court erred by denying his motion to suppress his statement to law enforcement because (a) the *Miranda*[2] warnings he was given did not adequately explain his rights, and (b) his decision not to sign a written waiver form shows that he did not consent to questioning. Confessions made during custodial interrogations will be suppressed "unless a defendant is advised of his Fifth Amendment rights pursuant to *Miranda* and voluntarily waives those rights." *United States v. Azua-Rinconada*, 914 F.3d 319, 325 (4th Cir. 2019). "[N]o precise formulation of the warnings or talismanic incantation is required to satisfy *Miranda*'s strictures." *United States v. Dire*, 680 F.3d 446, 474 (4th Cir. 2012) (cleaned up); *see Florida v. Powell*, 559 U.S. 50, 60 (2010).

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

Rather, "[t]he relevant inquiry is simply whether the warnings reasonably convey[ed] to a suspect his rights as required by *Miranda*." *Dire*, 680 F.3d at 474 (internal quotation marks omitted). Moreover, a valid waiver of those rights need not be explicit and may be inferred from all the circumstances. *See United States v. Cardwell*, 433 F.3d 378, 389-90 (4th Cir. 2005). The district court did not err in finding that Pridgen was adequately advised of his rights and validly waived them before making his statement to law enforcement.

Next, Pridgen argues that his § 922(g) conviction is invalid in light of *Rehaif* because the indictment did not charge each element of the offense and the jury was not instructed on each element of the offense. Because Pridgen did not raise these arguments before the district court, our review is for plain error. *United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021) ("[P]lain-error review applies to unpreserved *Rehaif* errors."). To succeed on a *Rehaif* claim on plain error review, a defendant must "make[] a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States*, 141 S. Ct. 2090, 2100 (2021). In light of the evidence presented at trial and Pridgen's arguments on appeal, we conclude that he has not made such a showing.

Moving to Pridgen's challenges to his sentence, Pridgen argues that the district court erred by applying a cross reference for attempted first degree murder to determine his base offense level, U.S. Sentencing Guidelines Manual §§ 2A2.1(a)(1), 2K2.1(c)(1)(A), 2X1.1(c)(1) (2018), a six-level enhancement for assaulting a law enforcement officer during flight, USSG § 3A1.2(c)(1), and a two-level reckless endangerment enhancement, USSG § 3C1.2, when calculating his advisory Guidelines range. "We review all

5

sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. McDonald*, 28 F.4th 553, 561 (4th Cir. 2022) (internal quotation marks omitted). In reviewing whether a sentence is reasonable, we first "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range." *Id.* (internal quotation marks omitted). "When evaluating a sentencing court's calculation of the advisory Guidelines range, this [c]ourt reviews the district court's factual findings, and its judgment regarding factual disputes, for clear error." *United States v. Medley*, 34 F.4th 326, 337 (4th Cir. 2022) (internal quotation marks omitted). The government must show by a preponderance of the evidence that a Guidelines enhancement applies. *United States v. Arbaugh*, 951 F.3d 167, 173 (4th Cir. 2020).

Pursuant to USSG § 3A1.2(c), a defendant qualifies for a six-level enhancement if, knowing or having reasonable cause to believe that a person is a law enforcement officer, he assaults the officer in a manner creating a substantial risk of serious bodily injury during an offense or during immediate flight from the offense. USSG § 3A1.2(c)(1). There was a distinct and sufficient factual basis for the application of this enhancement that was not already accounted for by Pridgen's § 924(c) convictions. *See United States v. Robinson*, 858 F. App'x 627, 630 (4th Cir. 2021) (No. 19-4943). We further conclude that there were also distinct factual bases for the application of this enhancement and the reckless endangerment enhancement under USSG § 3C1.2. Finally, because the attempted murder cross-reference is not a specific offense characteristic, it is not expressly prohibited by the commentary to the Guidelines on which Pridgen relies. *See* USSG § 2K2.4 cmt. n.4. Thus,

6

we presume that any double-counting that resulted from the application of that provision was permissible, and Pridgen has not rebutted that presumption. *See United States v. Hampton*, 628 F.3d 654, 664 (4th Cir. 2010). Accordingly, Pridgen's sentence is procedurally reasonable.

Finally, Pridgen argues that the district court plainly erred by advising him of different statutory penalties for Count 1 prior to sentencing than it ultimately determined applied to that offense. Our review of the record reveals no basis to suggest that any potential error affected Pridgen's substantial rights. *See Ali*, 991 F.3d at 572 (noting that error affects defendant's substantial rights if it "affected the outcome of the district court proceedings" (internal quotation marks omitted)).

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*