**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 20-4045**

─────────────

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

 v.

QUINTON OSHUMOND LITTLEJOHN,

  Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cr-00140-RJC-DSC-1)

─────────────

Submitted:  March 28, 2023                            Decided:  July 25, 2023

─────────────

Before WYNN and HEYTENS, Circuit Judges, and TRAXLER, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

**ON BRIEF:** Roderick M. Wright, Jr., WRIGHT LAW FIRM OF CHARLOTTE, PLLC, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Charlotte, North Carolina, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quinton Oshumond Littlejohn appeals his conviction following a jury trial for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (Count 1); possessing with intent to distribute at least 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) (Count 2); and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3).  Littlejohn argues on appeal that the district court erred in denying him a *Franks\** hearing and denying his motion to suppress, that the court erroneously admitted prior bad act testimony, that the jury instructions were erroneous, that his conviction on Count 3 for possessing a firearm in furtherance of a drug trafficking crime is not supported by sufficient evidence, and that his conviction on Count 1 for being a felon in possession of a firearm is invalid based on *Rehaif v. United States*, 139 S. Ct. 2191 (2019).  For the following reasons, we affirm.

First, Littlejohn argues that he was entitled to a *Franks* hearing because law enforcement made false statements in the affidavit used to obtain a search warrant for his residence and the four vehicles on the property.  We review de novo a district court's legal determination whether a defendant "provided enough evidence to be entitled to a *Franks* hearing." *United States v. Haas*, 986 F.3d 467, 474 (4th Cir.), *cert. denied*, 142 S. Ct. 292 (2021).  We review for clear error factual findings related to legal determinations. *United States v. Jones*, 942 F.3d 634, 640 (4th Cir. 2019).  *Franks* hearings provide criminal defendants "a narrow way to attack the validity of a search-warrant affidavit" in order to

---

\* *Franks v. Delaware*, 438 U.S. 154 (1978).

2

protect against the use of "affirmative false statements" in the affidavit. *Haas*, 986 F.3d at 474 (internal quotation marks omitted). To do so, however, defendants must "overcome the presumption of validity" afforded the affidavit supporting the search warrant. *Id.* (internal quotation marks omitted). To obtain a *Franks* hearing, Littlejohn "must make a substantial preliminary showing that (1) law enforcement made a false statement; (2) the false statement was made knowingly and intentionally, or with reckless disregard for the truth; and (3) the false statement was necessary to the finding of probable cause." *United States v. Moody*, 931 F.3d 366, 370 (4th Cir. 2019) (internal quotation marks omitted). We conclude that Littlejohn failed to make the required substantial preliminary showing, instead relying only on conclusory allegations of falsity. Therefore, we conclude that the district court did not err by denying his request for a *Franks* hearing and denying his motion to suppress.

Next, Littlejohn asserts that the district court erred in admitting the testimony of a witness who testified that Littlejohn had discharged a firearm on a prior occasion. We review a trial court's rulings on the admissibility of evidence for abuse of discretion, viewing the "evidence in the light most favorable to the proponent[ and] maximizing its probative value and minimizing its prejudicial effect." *Burgess v. Goldstein*, 997 F.3d 541, 559 (4th Cir. 2021) (internal quotation marks omitted). Thus, "[w]e will overturn an evidentiary ruling only if it is arbitrary and irrational." *Id.* Moreover, we will not overturn a conviction due to an erroneous evidentiary ruling if the error is harmless—that is, if "we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the

3

error." *Id.* at 561 (internal quotation marks omitted). Here, even if the district court erred in admitting the challenged testimony, we conclude that any error was harmless. Therefore, we decline to overturn Littlejohn's conviction on this ground.

Littlejohn further contends that the court erroneously instructed the jury on the meaning of the phrase "on or about" in the indictment. We generally "review a district court's decision to give a particular jury instruction for abuse of discretion, and review whether a jury instruction incorrectly stated the law de novo." *United States v. Hassler*, 992 F.3d 243, 246 (4th Cir. 2021) (internal quotation marks omitted). Because Littlejohn did not object to the jury instruction at trial, however, our review is for plain error. *See United States v. Ali*, 991 F.3d 561, 572 (4th Cir.), *cert. denied*, 142 S. Ct. 486 (2021). On plain error review, Littlejohn must establish "(1) that the court erred, (2) that the error is clear and obvious, . . . (3) that the error affected his substantial rights," and that the error "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). Littlejohn has failed to establish that the district court committed a clear and obvious error in its jury instructions.

Littlejohn also argues that insufficient evidence supports his conviction on Count 3, asserting that the Government failed to prove he possessed the firearm "in furtherance of" a drug trafficking offense. We review de novo a district court's denial of a motion for a judgment of acquittal based on the sufficiency of the evidence. *United States v. Farrell*, 921 F.3d 116, 136 (4th Cir. 2019). "A jury's guilty verdict must be upheld if, viewing the evidence in the light most favorable to the government, substantial evidence supports it." *Haas*, 986 F.3d 467at 477 (internal quotation marks omitted). "Substantial evidence is

4

evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (cleaned up). A defendant challenging the sufficiency of the evidence to support his conviction faces a "heavy burden," as "reversal for insufficient evidence is reserved for the rare case where the prosecution's failure is clear." *Id.* (cleaned up). "We do not reweigh the evidence or the credibility of witnesses, but assume that the jury resolved all contradictions in the testimony in favor of the Government." *United States v. Ziegler*, 1 F.4th 219, 232 (4th Cir. 2021) (internal quotation marks omitted). Here, the evidence was sufficient to support the jury's conclusion that the loaded firearm—on which Littlejohn's DNA was found and which was located in the center console of a vehicle next to a bag of cocaine base and later determined to be stolen—was used in furtherance of drug trafficking. *See United States v. Lomax*, 293 F.3d 701, 705 (4th Cir. 2002).

Finally, Littlejohn challenges his conviction for being a felon in possession of a firearm based on *Rehaif* because the indictment did not charge each element of the offense and the jury was not instructed on each element of the offense. Because Littlejohn did not timely preserve this issue in the district court, our review is for plain error. *See United States v. Caldwell*, 7 F.4th 191, 213 (4th Cir. 2021). In *Greer v. United States*, the Supreme Court held that, to succeed on a *Rehaif* claim on plain error review, a defendant must "make[] a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." 141 S. Ct. 2090, 2100 (2021). Littlejohn does not contend on appeal that he did not know that he previously had been convicted of a felony. Moreover, Littlejohn was still on supervised release from his most

5

recent felony conviction when he committed the instant offense.  We therefore conclude that Littlejohn's conviction on Count 1 is valid.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*