**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4121

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

MARTIQUE CABRAL VANDERPOOL,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah L. Boardman, District Judge. (8:23-cr-00234-DLB-1)

Submitted: May 4, 2026                          Decided: June 17, 2026

Before NIEMEYER, HARRIS, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Stuart A. Berman, LERCH, EARLY & BREWER, CHARTERED, Bethesda, Maryland, for Appellant. Harmeet K. Dhillon, Assistant Attorney General, Jesus A. Osete, Principal Deputy Assistant Attorney General, David N. Goldman, Civil Rights Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Kelly O. Hayes, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Defendant Martique Vanderpool, a police officer, arrested a distressed 19-year-old for speeding, impounded her car, took her to an empty police station, and coerced her into having sex with him. To cover his tracks, Vanderpool filed a report suggesting he conducted a routine traffic stop. He was convicted of submitting a false report to impede a federal investigation in violation of 18 U.S.C. § 1519. Because Vanderpool's various challenges to his conviction lack merit, we affirm.

*First*, Vanderpool argues there was insufficient evidence he intended to impede an investigation "within the jurisdiction of" a federal agency, 18 U.S.C. § 1519, because the government did not prove a federal investigation "was reasonably foreseeable" to Vanderpool at the time of the offense. Vanderpool Br. 20. But this Court has squarely held that "knowledge of a federal investigation under § 1519 is a jurisdictional element and not a separate mens rea requirement that the [factfinder] must specifically find." *United States v. Hassler*, 992 F.3d 243, 247 (4th Cir. 2021). Thus, the government was "not required to prove that [Vanderpool] knew or contemplated"—or reasonably foresaw—"that the investigation he intended to impede was within the jurisdiction of a federal agency." *Id.*

*Second*, Vanderpool contends the district court erred by denying him a hearing under *Franks v. Delaware*, 438 U.S. 154 (1978), based on allegations that officers omitted information from search warrant applications. Per Vanderpool, the applications failed to note that he initially pulled the arrestee over for speeding and that witnesses had been inconsistent about whether a second officer was present when Vanderpool had sex with the arrestee. But Vanderpool has not made the necessary "substantial preliminary showing"

2

that including those facts would have "defeated . . . probable cause." *United States v. Haas*, 986 F.3d 467, 474 (4th Cir. 2021) (quotation marks removed). The lawfulness of the initial traffic stop had little to do with the subsequent crime the warrant sought evidence of (first-degree rape). And the witnesses' stories, which were "otherwise in accord," diverged only on a point that was immaterial to Vanderpool's alleged crimes. JA 350. We therefore affirm the district court's conclusion that no *Franks* hearing was required.

*Third*, Vanderpool asserts the district court should have suppressed evidence obtained from the warrants, alleging various defects. The government counters that, even if the warrants were deficient, the evidence should not be excluded because officers relied in good faith on facially valid warrants. See *United States v. Leon*, 468 U.S. 897, 922–23 (1984). Vanderpool makes no attempt to explain how—even assuming that the warrants were invalid—they were "*so facially deficient*" that officers could not "reasonably" have relied on them, nor is that apparent from the face of the warrants themselves. *Id.* at 923 (emphasis added). Vanderpool's conclusory statement that the good-faith exception "does not apply here," Vanderpool Br. 38 n.3, is precisely the sort of "passing shot" that does not suffice to put an argument properly before us, *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (quotation marks removed). We therefore affirm the district court's denial of Vanderpool's motions to suppress.

*Finally*, Vanderpool argues the district court should have dismissed the indictment because the government violated the Fifth Amendment by delaying in obtaining it. But Vanderpool has not established, as he must, that any delay caused him "substantial actual prejudice." *United States v. Villa*, 70 F.4th 704, 716 (4th Cir. 2023). Vanderpool's prejudice

3

argument turns on the unavailability of two witnesses who could have impeached the arrestee's credibility and "established a picture of poor training, vague instructions, and hostility in the" police department. Vanderpool Br. 48. But such testimony would not "likely affect[]" the "disposition of the criminal proceeding" as required for substantial prejudice. *Villa*, 70 F.4th at 716 (quotation marks removed). Vanderpool took the stand during a different trial on related state charges and *admitted* he had sex with the arrestee at the police station, had her car towed, and later had the car returned to her—none of which was in his report—and the government introduced those inculpatory statements in this federal trial. Given Vanderpool's own admissions, we fail to see how impeaching the arrestee (who did not even testify at Vanderpool's federal trial) or proving the police department was poorly managed "tend[ed] to exculpate" Vanderpool for submitting a false report. *Jones v. Angelone*, 94 F.3d 900, 909 (4th Cir. 1996). Because Vanderpool has not established substantial prejudice, we affirm the district court's denial of Vanderpool's motion to dismiss the indictment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before us and argument would not aid the decisional process. The judgment is

*AFFIRMED.*

4